IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO MARQUES SMITH, SR.,

                Plaintiff,

v.                                          OPINION and ORDER

ERIC PETERS, LARRY FUCHS, RYAN BLOUNT,
KEVIN PITZEN, LIEUTENANT LANGE, SERGEANT       23-cv-191-jdp
ROHWER, PHIPPS, WYNN, and EMILY LELAND,

                Defendants.

---

Plaintiff Antonio Marques Smith, Sr. alleges that officials at Columbia Correctional Institution (CCI) conspired to retaliate against him because he filed a civil rights lawsuit in the Eastern District of Wisconsin. Dkt. 7. I allowed Smith to proceed on: (1) a First Amendment retaliation claim; (2) a First Amendment claim based on the opening and reading of his legal mail; (3) a First Amendment claim based on the withholding of his legal and other mail; (4) a Fourth Amendment claim based on the opening, reading, and withholding of his legal mail; (5) a Fourth Amendment claim based on a retaliatory strip search; (6) an Eighth Amendment excessive force claim; and (7) a Fourteenth Amendment class-of-one equal protection claim. Dkt. 13. Defendant Leland is an employee of the Columbia County Sheriff's Office and the other defendants are CCI employees.

The state defendants and Leland move for summary judgment, contending that Smith has failed to exhaust his administrative remedies under the Prison Litigation Reform Act. Dkt. 35 and Dkt. 40. I will stay these motions and hold a hearing to determine whether a document central to the issue of exhaustion has been fabricated.

Claims 1–4 and 7 relate to conduct report 294247, in which Smith was charged with possession of intoxicants and unauthorized use of the mail. Dkt. 38-1 at 1. Smith was found guilty after a due process hearing, and he received a copy of defendant hearing officer Kevin Pitzen's decision on December 7, 2022. *Id.* at 1, 4. Smith appealed, and defendant warden Larry Fuchs reversed the decision on December 20, 2022, after the materials tested negative for intoxicants upon being retested. Dkt. 38-1 at 4; Dkt. 39-1 at 1.

"Under the Wisconsin Administrative Code, to complain about an issue related to a conduct report an inmate must raise the issue at the disciplinary hearing and again on appeal to the warden." *Ajala v. Tegels*, No. 22-cv-286-jdp, 2023 WL 3072782, at *1 (W.D. Wis. Apr. 25, 2023) (citing Wis. Admin. Code DOC § 303.82(1)). "The warden's decision is final with respect to sufficiency of the evidence, but alleged procedural deficiencies must then be pursued through the [DOC's regular complaint process]." *See id.* (citing Wis. Admin. Code DOC § 303.82(4)).

Smith contends that he exhausted claims 1–4 and 7 because he raised issues underlying those claims at his disciplinary hearing and on appeal to Fuchs. Dkt. 55 at 11–13. Smith cites a copy of the appeal form to support this contention. *Id.* at 12; Dkt. 39-1. The state defendants requested a copy of that form from Smith during discovery, presumably because they couldn't locate a copy in the DOC's files. *See* Dkt. 36 at 6 n.4. The state defendants say that Smith produced a copy of the appeal form, and they question whether it is fabricated because Smith purportedly signed it on December 8, 2023, even though Fuchs issued his ruling on December 20, 2022. *See id.* (If the state defendants can locate a copy of the appeal form in the DOC's files, they are directed to promptly submit that document to the court and Smith when they locate it.).

Fabricating a document to gain a litigation advantage is a serious matter, but I cannot decide that issue on the paper record alone. Therefore, I'll set the matter for an in-person hearing. The sole issue for the hearing will be whether Smith fabricated the appeal form to try to show that he exhausted issues that he didn't actually raise on appeal. I'll ask the clerk of court to set a hearing date, and to issue a writ of habeas corpus ad testificandum for Smith's appearance. I expect the state defendants to present testimony from a DOC employee with knowledge of its procedures for processing appeals of contested hearings, along with the testimony of Fuchs and Pitzen. The state defendants' witnesses may testify by videoconference if they prefer. I'll consider requests for any other witnesses to appear by videoconference.

Until I decide the issue of fabrication, I will stay defendants' motions for summary judgment and strike the pretrial schedule (including the trial date). I will reset the schedule if necessary after that issue has been resolved.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to set an in-person hearing to address whether plaintiff's appeal of conduct report 294247 is fabricated, and to issue a writ of habeas corpus ad testificandum for plaintiff's appearance.

2. Defendants' motions for summary judgment on exhaustion grounds, Dkt. 35 and Dkt. 40, are STAYED.

3

3. The pretrial schedule, including the trial date, is STRUCK.

4. Defendant Leland's motion to adjourn court deadlines, Dkt. 74, is DENIED as moot.

Entered January 22, 2025.

                                                     BY THE COURT:

                                                     /s/

                                                  _____
                                                 JAMES D. PETERSON
                                                 District Judge