IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH SR.,
Plaintiff,

v. Case No. 23-cv-191-jdp

ERIC PETERS, et al.,
Defendants.

# PLAINTIFF'S RESPONSE TO COURT ORDER (DKt. 75)

Now COMES Antonio Marques Smith, Plaintiff, by and through himself, Pro se., bring this response in opposition objecting to the Court's January 22, 2025 Order Dkt. 75, and states the following:

Smith is unclear as to how this Order (Dkt. 75) came about. On January 21, 2025, Smith received a "Notice of Electronic Filing" from the Prison's law Clerk Docket Text: "Motion to Amend/Correct [24] Pretrial Conference,, Adjourn Deadlines by Defendant Emily Leland. Attachment: #(1) Certificate of Service) (Flood, Zachary), (PS)" Smith has not received any Motion(s) in the mail Filed by Defendant Emily Leland, which appear to be

Dkt. 74. Smith is left to assume it is (DKt. 74) that prompted the Court to issue it's January 22, 2025, Order DKt. 75 just two day's after Defendant Emily Leland filed her motions (DKt. 74). Smith was not afforded an opportunity to respond to (DKt. 74) prior to the Court's Order (DKt. 75). Smith believe that this is an unfair advantage and should have been allowed to respond to any motions filed by any defendant Prior to a decision being issued by the Court.

As to the Court's January 22, 2025, Order (DKt. 75). First, the Parties engaged in Discovery and both Parties responded to Discovery Requests. If the defendants wanted to Challenge the authenticity of a document essential to the their Case then they Could have, and Should have made Such Challenges prior to filing their Motion for Summary Judgment on Failure to Exhaust Grounds. Instead, the defendants makes a statement (without a stread of evidence)

Suggesting that a document they themselves had full Control over May be Fabricated when the Plaintiff mistakenly wrote on the document the wrong year, 12-8-2023 instead of 12-8-2022, which is the date Smith Submitted the appeal of conduct report 294247. Defendant Larry Fuchs Signed the appeal reversing the hearing Committee's decision on 12-20-2022. The Warden's Office, defendant Fuchs, Stamp-dated the receipt of the appeal on 12-12-2022. The defendants Suggestive Statement in their brief identify Correctly that Smith Wrote the Wrong year (2023 instead of 2022) when he Signed and Submitted the appeal. What is missing from the defendants Suggestion of the appeal Possibly being Fabricated is the FACT that defendant Fuchs' Signature is on the actual appeal document (Signed and dated). Inside the section box next to the Warden's Signature defendant Fuchs is labeled "Date

Appeal Received" is Stamp-dated (Something cannot be Fabricated by Smith) is on the document. Smith Should not essentially be Subjected to the Court's seemingly accuation that the document is Fabricated at this late Stage because Smith wrote the Wrong year when signing and Submitting the appeal.

It is appropriate to assume that defendant Fuchs was Presented with the appeal during discovery and asked by their (his) attorney to authenticate his Signature. If there were suspicion of the appeal document being Fabricated other then the year being incorrect, then once again, the defendants had ample opportunity to raise all of their Concern's with actual evidence Prior to, and during Summary Judgment. Smith himself Could've submitted an interrogatory request demanding defendant Fuchs to authenticate the document, but the defendants never did their due diligence to discover if the document was Fabricated and provide the Court with some evidence

to the contrary. Smith made the conscious decision not to put forth an argument or response to defendants suggestion in their brief that the appeal may be Fabricated because not a Stread of evidence was brought Forth. Smith Could have Suggested during discovery, and within his response brief that defendants intentionally destoryed the original appeal copy that Should have maintained, because it would hurt their Case on Summary Judgment on Exhaustion Grounds, and the destruction of of the appeal Copy by defendants was to gain an advantage in litigation Knowing that without the Plaintiff having a Copy of the appeal, it would turn into a "he say, She say" Crediblity Contest on Exhaustion Grounds Where Court's all too often rule in Favor of Prison officials. The Knief Should Cut both Way's. The Court Should express the Same seemingly outrage towards the

defendants for destruction of an official document, as it is seemingly allocating towards the plaintiff suggesting that the appeal document may be fabricated due to Smith mistakenly writing the wrong year on a document that is signed and dated by the Warden, defendant Fuchs. This is a very offensive accuation, especially when the Plaintiff has no history of such behavior, and has litigated with respect and with integrity in both District Court's since 2017.

The defendants has already admitted in their official Discovery Request Response that they destoryed their copy of the appeal of Conduct Report 294247. Which is attached to this document as Exhibit 1. See Exhibit 1 Request / Response # 1.

Lastly, the appeared to have confused the purpose of the date's on the appeal of Conduct Report 294247 in its Order, (Dkt. 75), that Smith read on WESTLAW Website.

Just for the purpose of understanding the issue being Presented, the date of defendant Fuchs Signed the appeal that reversed the Finding of Guilt on Conduct report 294247 (12-20-2022), is not the date Smith would have Submitted the appeal for review. There's a total of four dates designated on the appeal form. The First two dates is Completed by the Prisoner, which is the "Date of Decision" and the "Date signed." The next two dates are listed below the "Warden / Superintendent Decision." That "third" date is time-stamped upon receipt by the Warden's Office, Which is received by the Warden's Secretary and titled "Date Appeal Received." The Fourth and last date Signed on the appeal Form is When the Warden makes their decision which is titled "Date of Decision." The Plaintiff Wrote correctly the "date of decision" as 12-07-2022 at the top of the appeal form. The Plaintiff

incorrectly wrote 12-8-2023 as the date for when he signed his signature, when the correct date was 12-8-2022. It is that mistake (the year) Plaintiff signed on the appeal that have defendants attorney suggesting that the appeal may be fabricated despite the fact that the Warden/defendant Fuchs wrote out his reason (in ink/his penmanship), signed and dated the very appeal form/document that's being "suggested" as a possible fabrication. The third date on the appeal form is not a "written" date in ink, it is a stamp-date with some sort of a device "Date Appeal Received" is marked on the appeal form as "Dec 12 2022." The Warden made his decision and signed his signature on "12-20-2022." For identification purposes attached is the Plaintiff's copy of the DOC-91 Appeal of A Contested Hearing document for conduct report 294247, mark as Exhibit 2.

RELIEF SOUGHT

Since a Motion For Summary Judgment on Exhaustion Gounds is an Affirmative Defense the burden is on the moving party making the claim. And since the defendants have not submitted any factual evidence that the appeal For is a fabrication by the plaintiff simply because the Plaintiff wrote the wrong year when he signed and submitted his appeal, the Court should squash it's January 22, 2024 Order (DKt. 75) and decide the Summary Judgment on Exhaustion Grounds based on the evidence actually submitted in the Motions/Briefs.

Further, defendants other then Fuchs should not provide any testimony on this matter, because defendant Pitzen does not handle any part of the appeal process, and the issue at discussion is nearly identified to the appeal form that the Plaintiff submitted directly to the Warden's Office. Thus, defendant Pitzen would not have ever

reviewed the appeal form/document and cannot weigh in on it's authenticity. Only defendant Fuchs can weigh in for the limited purpose of authenticating his signature and that the appeal form is authenticate, and may be the Warden's Secertary who date-stamped the appeal form upon receipt to the Warden's office.

Lastly, if this Court chooses to proceed with the evidentary hearing, the Plaintiff demands, respectfully, that all testifying witnesses should physically appear as the witnesses will need to review the document in Smith's possession for authentication purposes, along with the fact that credibility will be called into question and the Plaintiff will examine these witnesses and need them to be there in-person for such an examination. The only two witnesses should be called if this hearing proceed is defendant Fuchs and the Warden's secertary who also

handled the document. To be clear, is not conceding by this paragraph to this hearing proceeding. The requests the Court to provide a written response to this Motion/ Response by the Plaintiff.

Dated this 24th day of January, 2025.

Respectfully Submitted,

Antonio M. Smith

Antonio M. Smith, #275561
Pro se., Plaintiff.

Address:
Columbia Correctional Institution
P.O. Box 950
Portage, WI 53901-0950