IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO MARQUES SMITH, SR.,

                Plaintiff,

v.                                        ORDER

ERIC PETERS, LARRY FUCHS, RYAN BLOUNT,        23-cv-191-jdp
KEVIN PITZEN, LIEUTENANT LANGE, SERGEANT
ROHWER, PHIPPS, WYNN, and EMILY LELAND,

                Defendants.

---

Plaintiff Antonio Marques Smith, Sr. seeks reconsideration of my order to hold a hearing to determine whether he fabricated an inmate appeal central to the issue of exhaustion. Dkt. 79. I will deny this motion.

Smith says that he didn't receive an adequate opportunity to challenge defendant Leland's motion to adjourn deadlines, which he believes prompted me to order the hearing. Smith is mistaken. I decided that a hearing was appropriate after reviewing the evidentiary record for defendants' motions for summary judgment on exhaustion grounds.

Smith says that a hearing is not warranted because there's no evidence that he fabricated the appeal. But the issue isn't just whether Smith submitted the first page of the appeal form. *See* Dkt. 39-1 at 1. The question will be whether Smith submitted the first page and the two continuation sheets on December 8, 2022, as he contends. *See id.* at 2–3; Dkt. 76 at 3. Those continuation sheets are pertinent to what claims Smith may have exhausted. And, contrary to Smith's contention, the fact that each appeal page bears the date December 8, 2023, is material to the issue of fabrication. Smith will have a full opportunity at the hearing to explain why the

appeal is not fabricated, including how he "mistakenly wrote on the document the wrong year." Dkt. 76 at 3.

Smith says that the hearing officer, defendant Pitzen, cannot provide material testimony. But Pitzen presided over the disciplinary hearing for the conduct report at issue, and testimony that Smith provided at the hearing may be material to the issue of fabrication. Pitzen is a proper witness.

Smith says that Department of Corrections witnesses should have to appear in person because: (1) they will need to review Smith's documentary evidence; and (2) I will have to make credibility determinations. But I will allow Smith to present an exhibit list and copies of his exhibits before the hearing so that they are available to each witness. (I will provide Smith with more information on how to complete this task at a later date.) Furthermore, I can make credibility determinations if a witness testifies by videoconference. Smith hasn't shown a need for the DOC witnesses to testify in person.

## ORDER

IT IS ORDERED that plaintiff Antonio Marques Smith, Sr.'s motion for reconsideration, Dkt. 76, is DENIED.

Entered February 14, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge