IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO MARQUES SMITH, SR.,

                Plaintiff,

  v.                                              OPINION and ORDER

ERIC PETERS, LARRY FUCHS, RYAN BLOUNT,
KEVIN PITZEN, LIEUTENANT LANGE, SERGEANT        23-cv-191-jdp
ROHWER, PHIPPS, WYNN, and EMILY LELAND,

                Defendants.

---

Plaintiff Antonio Marques Smith, Sr. is proceeding on several federal claims based in part on the allegation that officials at Columbia Correctional Institution (CCI) conspired to retaliate against him because he filed a civil rights lawsuit. Dkt. 13. The state defendants and defendant Emily Leland moved for summary judgment on exhaustion grounds. Dkt. 35 and Dkt. 40.

The state defendants raised the possibility that Smith could have fabricated documents related to an appeal of a conduct report that is central to the issue of exhaustion. *See* Dkt. 36 at 6 n.4. On March 30, 2025, I held an evidentiary hearing to determine whether Smith fabricated those documents. For reasons explained in this order, I find that Smith fabricated two continuation pages to support his opposition to the exhaustion motions. I will dismiss the case with prejudice as a sanction for Smith's dishonesty.

BACKGROUND

Smith alleges in his amended complaint, Dkt. 7, that in late October 2022, the CCI investigative captain, defendant Eric Peters, told Smith that he knew that Smith had sued a Department of Corrections employee in the Eastern District of Wisconsin.

In late November 2022, Peters wrote conduct report 294247, alleging that three envelopes of purported legal mail addressed to Smith contained papers that tested positive for narcotics. The envelopes were opened outside Smith's presence by Peters and a detective for the Columbia County Sheriff's Department, defendant Emily Leland. Peters and Leland read the papers and failed to deliver them.

Smith's due process hearing on the conduct report took place on December 6, 2022. The administrative captain, defendant Kevin Pitzen, led the hearing. Smith alleges that he argued that: (1) the papers never tested positive for narcotics; and (2) the conduct report was "a continued harassment campaign by Peters, that was in retaliation" based on the Eastern District lawsuit and Smith's complaints to the warden, defendant Larry Fuchs, and other DOC staff. Dkt. 7 ¶ 35. Pitzen found Smith guilty and imposed 120 days' disciplinary segregation.

On December 13, 2022, while Smith was in segregation, now-deceased defendant Nathan Fosshage told him that the papers had never tested positive for narcotics, and that CCI officials and Leland conspired to fabricate the conduct report to retaliate against him for the lawsuit and to protect Peters. *Id.* ¶¶ 41–44.

I allowed Smith to proceed on: (1) a First Amendment retaliation claim; (2) a First Amendment claim based on the opening and reading of his legal mail; (3) a First Amendment claim based on the withholding of his legal and other mail; (4) a Fourth Amendment claim based on the opening, reading, and withholding of his legal mail; (5) a Fourth Amendment

2

claim based on a retaliatory strip search; (6) an Eighth Amendment excessive force claim; and (7) a Fourteenth Amendment class-of-one equal protection claim. Dkt. 13.

Claims 1–4 and 7 relate to conduct report 294247. To exhaust those claims, Smith had to raise those issues at the disciplinary hearing and again on appeal to Fuchs. *Ajala v. Tegels*, No. 22-cv-286-jdp, 2023 WL 3072782, at *1 (W.D. Wis. Apr. 25, 2023). To oppose the exhaustion motions, Smith says that he exhausted claims 1–4 and 7 because he raised the underlying issues at the December 6 disciplinary hearing and on appeal to Fuchs. *See* Dkt. 55 at 11–13. Smith specifically says, "On December 8, 2022, I filed a 3 page DOC-91 APPEAL OF A CONTESTED HEARING, challenging the hearing officer's finding of guilt." *Id.* ¶ 30.

Defendants didn't have a copy of the appeal in their records, so they requested a copy from Smith during discovery, which he provided. Dkt. 36 at 6 n.4; Dkt. 39 ¶ 3. The copy Smith produced has three pages. Dkt. 39-1. The first page is on the DOC-91 form, for appeals of contested hearings. *Id.* at 1. The second and third pages are on form DOC-400B, a continuation page which provides more space for allegations in prisoner complaints or appeals. *Id.* at 2–3.

It's undisputed that Smith filed an appeal on the DOC-91 form on December 8, 2022. It's also undisputed that Fuchs dismissed the conduct report on December 20, 2022, because the papers were re-tested and no intoxicants were detected.

The primary issue for the evidentiary hearing in this court was whether Smith submitted the two continuation pages with his appeal to Fuchs, as he says, or if he prepared them later to support his opposition to the exhaustion motions. Dkt. 79 at 1.

3

HEARING TESTIMONY AND EVIDENCE

Assistant Attorney General Rebecca Paulson appeared for the state defendants. Paulson called Smith adversely, and DOC employees Kristy Szelagowski, Pitzen, and Fuchs. Smith cross-examined Szelagowski, Pitzen, and Fuchs, and afterward he gave his own testimony. Zachary Flood, counsel for Leland, attended the hearing and joined Paulson's motion and argument. He made his own brief argument but did not call any witnesses or submit additional evidence.

**A. The state defendants' case**

  **1. Smith's testimony**

The DOC-91 form uses carbonless copy paper in which the prisoner writes his appeal on the top white sheet and his writing is recorded on the bottom yellow sheet. Smith initially said that he used a pencil to complete the DOC-91 form, but he clarified that he used a pen to write all three pages of his appeal. Before Smith submitted the appeal to the warden, he wrote "1 of 3" on the first page, "2 of 3" on the second page, and "3 of 3" on the third page. I received that copy in evidence as exhibit 501. Dkt. 82-2.

Someone other than Pitzen documented Smith's prisoner statement at the disciplinary hearing. Smith acknowledged that to support the motion for injunctive relief that he filed in this case in April 2023, he filed a copy of the first page of the appeal that lacks the notation "1 of 3," and that he didn't file the purported continuation pages with that copy. I received that copy in evidence as exhibit 502. Dkt. 9-6; Dkt. 82-3.

  **2. Szelagowski's testimony**

Szelagowski has worked at CCI since 2013, and she has held the position of deputy warden secretary for the past six years. Szelagowski was the designated notetaker at disciplinary

4

hearings that were being held in that period, and she performed that duty at Smith's. She tried to type prisoners' statements word for word, but she would record just the key points if she couldn't hear everything or if the statements were repetitive. Szelagowski edited the statements only for grammar or spelling.

Szelagowski had no independent recollection of Smith's testimony at the disciplinary hearing, but she would expect her typed notes to be accurate. Had Smith contended that his conduct report was retaliatory, Szelagowski would have expected that contention to be in the conduct report's prisoner statement section. I received a copy of the conduct report in evidence as exhibit 500. Dkt. 82-1.

Prisoners receive only a DOC-91 form to appeal conduct reports, but they sometimes submit continuation pages. Pursuant to CCI's retention policy at the time, if the warden reverses the hearing officer's decision, the prisoner receives the carbon copy of the DOC-91 form, and the conduct report and other appeal documents are destroyed rather than preserved in the prisoner's file. Szelagowski could not identify a specific retention policy by number.

3. **Pitzen's testimony**

Pitzen has worked at CCI for more than 23 years and is currently an investigative captain. Pitzen was an administrative captain when Smith's hearing was held, and he led the hearing. Pitzen had no independent recollection of what occurred at Smith's disciplinary hearing. Pitzen has no knowledge of Smith's appeal or how appeals are handled generally, apart from the deadline to file an appeal.

4. **Fuchs's testimony**

Fuchs was the warden at CCI when Smith's disciplinary hearing was held, but he is now retired. Fuchs had no independent recollection of how many pages Smith's appeal contained

5

when he ruled on it, or whether he complained that staff was retaliating against him. Fuchs's understanding is that if a conduct report is reversed on appeal, the conduct report file is destroyed. Fuchs could not identify a specific retention policy by number.

**B. Smith's case**

Smith testified that he always includes continuation pages with his appeals of conduct reports, using the DOC-400B form. Smith didn't photocopy the appeal, but he prepared an identical handwritten copy of the two continuation pages. Smith didn't make an identical handwritten copy of the DOC-91 form because he expected to receive the carbon copy from prison staff. Smith said that in the bottom right corner of the section of the DOC-91 form where the prisoner states the reasons for appealing the disposition, he referred to a DOC-400B form.[1] Smith also said that the conduct report number and the date "12-8-2023" are clearly written on the DOC-91 form because he traced over those items in pen when he received the form back after Fuchs ruled on it.

I will also receive Smith's exhibits. Exhibit 1 is a purported original copy of the three-page appeal that Smith produced in discovery. Dkt. 84-1. Exhibit 2 is a response by defendant to a discovery request. Dkt. 84-2. The court retained the original yellow copy of the first page of exhibit 1 that Smith brought to the hearing.

---

[1] I have carefully reviewed the original yellow copy of the first page of the appeal, which Smith brought to the hearing, and the court has retained. With the exception of the traced-over conduct report number and date, Smith's writing on that form is faint, and much of it is illegible. The specific part where Smith contends that he referred to DOC-400B is completely illegible, and I cannot discern whether there is a reference to a "DOC-400B." I find that Smith's testimony is not corroborated by the original yellow copy.

FINDINGS OF FACT AND ANALYSIS

A district court has the inherent power to sanction a party for abuse of the judicial process. *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018). Dismissal of a case is an appropriate sanction for a party's submission of false documents. *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *see also Ayoubi v. Dart*, 640 F. App'x 524, 528–29 (7th Cir. 2016) ("[D]ismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary.").

Based on the testimony and evidence presented at the hearing, and my review of the record, I find that Smith submitted only the one-page DOC-91 form to appeal Fuchs's decision on December 8, 2022, and that he prepared the continuation pages after the fact to attempt to oppose defendants' exhaustion motions. I base this finding primarily on five considerations.

First, Smith has submitted different versions of the first page of the appeal. The copy of the DOC-91 form that Smith submitted to support his motion for injunctive relief, which he filed in April 2023, doesn't have the notation "1 of 3" on it. Dkt. 9-6. But the purported original copy of the DOC-91 form that Smith produced to defendants in April 2024 has "1 of 3" written on it. Dkt. 82-2. Smith must have added "1 of 3" to the purported original copy during the course of this lawsuit. Smith's hearing testimony that he had written "1 of 3" on the DOC-91 form that he submitted in December 2022 is false. The DOC-91 form that Smith filed in April 2023 with his motion for injunctive relief doesn't have any continuation pages, and he could not explain why he didn't file them at that time.

Second, the issues stated in the continuation pages are much broader than the conduct report's prisoner statement. *Compare* Dkt. 84-1 at 2–3, *with* Dkt. 82-1 at 7. The summary says that Smith argued that his legal papers were authentic and didn't contain narcotics. But in the

7

continuation pages, Smith's raises issues that closely track the allegations in his amended complaint. The continuation pages allege that he was the victim of a retaliatory conspiracy based on the Eastern District lawsuit and other protected activity. I find Szelagowski's testimony credible. If Smith had raised the issue of retaliation at his conduct report hearing, it is likely that Szelagowski would have included that in the inmate's statement.

Third, the three-page version of the appeal has inconsistent dates. Smith dated each page December 8, 2023, even though Fuchs dismissed the appeal on December 20, 2022. Although Smith didn't directly address this discrepancy at the evidentiary hearing, he said that he meant to write December 8, 2022, when moving for reconsideration of my order setting a hearing. Dkt. 76 at 3. But I find it unlikely that Smith would have mistakenly written a future year. When people miswrite the year, they typically write the previous year, not a future one.

Fourth, Smith submitted other false testimony. After initially testifying that he completed the first page of the appeal with a pencil, Smith clarified that he used a pen to write each page. The continuation pages are legibly written with a pen. In contrast, the writing on the first page is mostly too faint to read. Smith testified that the writing is faint because the first appeal page is the carbon copy of the DOC-91 form. But Fuchs's decision written on the bottom of the form, presumably written with a pen, is sharp and easy to read. If Smith had used a pen as he says, his handwriting would likely have been similarly legible.

Fifth, Smith has made inconsistent statements about when he first realized that there was a retaliation *conspiracy* against him. In his amended complaint, Smith alleges that he learned about the conspiracy on December 13, 2022, when Fosshage spoke with him. *See* Dkt. 7 ¶¶ 38, 44. Smith alleges that he complained about a continued campaign of retaliatory harassment at the December 6 disciplinary hearing, but he doesn't refer to a conspiracy to retaliate against

him. *See id.* ¶ 35. By contrast, in both his opposition to the exhaustion motions and the continuation pages, Smith says that he complained about a retaliation conspiracy at the December 6 hearing. Dkt. 53 at 14; Dkt. 55 ¶ 28; Dkt. 84-1 at 2–3.

Smith argued at the evidentiary hearing that the dispute over the legitimacy of the continuation pages was ultimately defendant's fault, because they admit that they destroyed the documents related to conduct report 294247 and its appeal. I find defendant's testimony about the CCI record-retention policy credible, even though the policy itself is ill-conceived. A prisoner's appeal is relevant to show whether he has exhausted his administrative remedies on claims that might end up in litigation. So it's unwise to destroy those records, regardless of the outcome of the prisoner's appeal. But there is no legal requirement that the DOC preserve records of conduct report appeals, until the records are relevant to litigation, in which case all relevant evidence must be preserved. In this case, the destruction of the records took place before Smith filed this suit, so defendant's conduct is not sanctionable.

To sum up the factual findings, I find that Smith fabricated the two continuation pages during the course of this litigation to support his opposition to the exhaustion motions.

CONCLUSION

A litigant can compel the opposing parties and the court to expend vast resources on the basis of bare allegations. In exchange for the privilege of access to the courts, I expect all litigants to be scrupulously honest in their statements to the court. Smith's submission of false documents is a grave insult to the integrity of the court and the judicial process. I will dismiss the case with prejudice as a sanction for Smith's dishonesty.

I have considered more serious sanctions, such as a filing bar, or dismissing Smith's other pending case in this court. But I will not impose a more serious sanction because there is no evidence that Smith has a history of dishonesty in the courts. But Smith is now forewarned: any further act of dishonesty to the court will be met with a severe sanction including a filing bar.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice as a sanction for plaintiff Antonio Marques Smith, Sr.'s dishonesty.

2. Defendants' motions for summary judgment on exhaustion grounds, Dkt. 35 and Dkt. 40, are DENIED as moot.

Entered March 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge